## C. E. ABBOTT *v.* B. B. CHASE.

### *Book Account. Jurisdiction.*

In an action of book account an account of materials delivered in payment of a note, and accepted in payment, thereby extinguishing the note, cannot be used to increase the debtor side of the plaintiff's book beyond $200 so as to give the County Court jurisdiction, although the suit is brought in good faith to that court.

2. R. L. s. 821, jurisdiction; s. 822, matter in demand, construed.

BOOK ACCOUNT. Heard on auditor's report and motion to dismiss, December Term, 1882, (ROWELL, J., being disqualified), by the two assistant judges of the County Court. Cause dismissed for want of jurisdiction. The case is stated in the opinion.

*Perrin & McWain,* for the plaintiff.

The debtor side of the plaintiff's book, where there has been no settlement and balance passed to new account, has always been held to be the criterion of jurisdiction. *Gibson* v. *Sumner,* 6 Vt. 163; *Stowe* v. *Winslow,* 7 Vt. 538; *Nichols* v. *Packard,* 16 Vt. 91; *Spear* v. *Peck,* 15 Vt. 566; *Beach* v. *Boynton,* 26 Vt. 105; *Mason* v. *Potter,* 26 Vt. 722; *Mason* v. *Hutchinson,* 32 Vt. 780; *Hodges* v. *Fox,* 36 Vt. 74; *Southwick* v. *Merrill,* 3 Vt. 320; *Reed* v. *Talford,* 10 Vt. 568; *Eddy* v. *Norton,* 27 Vt. 285.

*Southwick* v. *Merrill,* was an action of debt on a judgment of $563.50, which had been reduced by actual payment and endorsements, concerning which there was no dispute, to $49.64.

*N. L. Boyden* and *Wm. H. Nichols,* for the defendant.

If the writ upon its face shows that the County Court has jurisdiction, the cause will be dismissed on motion whenever upon trial it is evident that it has not jurisdiction. *Southwick* v. *Merrill,* 3 Vt. 320; *Miller* v. *Livingston,* 37 Vt. 467; *Scott* v. *McDonough,* 39 Vt. 203; *Hodges* v. *Fox,* 36 Vt. 74.

After the note was paid and extinguished there is only about sixty dollars of plaintiff's account, including interest; and what he paid to extinguish the note is improperly charged on book, and cannot aid plaintiff to maintain jurisdiction. *Stevens* v. *Tuttle*, 3 Vt. 519; *Slasson* v. *Davis*, 1 Aik. 73; *Southwick* v. *Merrill*, 3 Vt. 320; *Miller* v. *Livingston*, 37 Vt. 467; *Scott, et al.* v. *McDonough*, 39 Vt. 203. And good faith will not aid the plaintiff. *Hodges* v. *Fox*, 36 Vt. 74; *Fassett* v. *Vincent*, 8 Vt. 73; *Field* v. *Randall & Durant*, 51 Vt. 33.

The opinion of the court was delivered by

Ross, J. The single question presented for consideration is, whether the County Court had original jurisdiction of the action. To give it such jurisdiction the debtor side of the plaintiff's account must exceed two hundred dollars. R. L. ss. 821 and 822. The plaintiff presented an account the debtor side of which amounted to $278.54. But it is found by the auditor that when the account commenced the defendant held a note against the plaintiff for $225; and that before any of the items of account accrued, the parties entered into a contract by which the work and materials first charged, and to the amount of the note, were to be performed, delivered and " applied in then present payment of the note." The auditor further finds " that the plaintiff did furnish material and do work under said contract, and that they were accepted by the defendant in then present payment of the note, and thereby the note was paid and extinguished." Under this finding the first items of the plaintiff's account were payments upon the note at the time they severally accrued, and no indebtedness was thereby created from the defendant to the plaintiff, nor did any right arise therefrom to the plaintiff to charge such items in account to the defendant. In determining the jurisdiction of the County Court on the facts found by the auditor, that part of the account presented by the plaintiff, which first accrued to the amount of $225, must be treated as having been made and received in payment of the note, and as having no existence as an account. The balance for which the plaintiff had the legal right to charge the defendant is not sufficient in amount to give the

County Court original jurisdiction of the action. Hence, the County Court correctly dismissed the action for want of jurisdiction. This is in harmony with all the authorities cited by counsel on both sides. There is not a single case cited that conflicts with this holding ; and it would be an unnecessary labor to review the cases heretofore decided by this court on this subject. Under the decisions the good faith of the plaintiff in bringing his suit in the County Court cannot, on the facts of this case, aid the jurisdiction of the County Court. See the cases cited by the counsel on both sides.

Judgment affirmed.